USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUIDEHOUSE LLP,

                Plaintiff.,

-against-

RIZWAN SHAH,

                Defendant.

No. 1:19-cv-09470-MKV

ORDER DENYING LOCAL RULE 37.2
CONFERENCE AND SETTING THE
SEQUENCE OF DEPOSITIONS

MARY KAY VYSKOCIL, United States District Judge:

    The Court has received a joint letter from the parties requesting a conference pursuant to Local Rule 37.2 and asking the Court to resolve a dispute over the sequence in which depositions are to be conducted. (Jt. Letter Mot. [ECF No. 23].) For the reasons discussed below, the parties' request for a conference is DENIED and the depositions at issue will be conducted in the following order: (1) Plaintiff Guidehouse LLP's 30(b)(6) representative; (2) Guidehouse LLP's Chief Executive Officer Scott McIntyre ("McIntyre"); and (3) Defendant Shah.

## BACKGROUND

    On March 2, 2020, Defendant noticed McIntyre's deposition for April 16, 2020. (*Id.* at 1, 3.) Shortly thereafter, due to the COVID-19 pandemic, the parties agreed to postpone depositions. (*Id.*) Months later after concluding that in-person depositions would be impractical due to social-distancing guidelines, the parties agreed to conduct depositions remotely. (*Id.* at 2–3.) On August 28, 2020, after a telephonic meet and confer, Plaintiff noticed Defendant's deposition for September 11, 2020. (*Id.*) On September 4, 2020, Defendant responded that he was not available on the noticed date and that he expected depositions to proceed in the order noticed, beginning with McIntyre. (*Id.* at 2–4.) Defendant also re-noticed McIntyre's deposition for September 15, 2020, and noticed a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) for September

17, 2020.  (*Id.*)  The parties subsequently held a telephonic meet and confer to discuss, *inter alia*, the sequence of depositions.  (*Id.* at 2, 4.)  Defendant rejected Plaintiff's offer for Defendant to depose Plaintiff's 30(b)(6) representative before Plaintiff deposes Defendant, demanding that McIntyre be deposed first, followed by Plaintiff's 30(b)(6) representative, followed by Defendant.  (*Id.* at 4.)  Unable to resolve this dispute themselves, the parties seek judicial intervention.

Defendant claims he is entitled to depose McIntyre before Plaintiff's 30(b)(6) representative and before Plaintiff deposes Defendant because Defendant noticed McIntyre's deposition first.  (*Id.* at 2–3.)  While acknowledging that the Federal Rules of Civil Procedure do not mandate priority of depositions, Defendant argues that he be deposed only after McIntyre and Plaintiff's 30(b)(6) representative "as a matter of fundamental fairness" and that Plaintiff should not be rewarded "for its gamesmanship and unprofessional discovery conduct."  (*Id.*)

Plaintiff seeks an order (1) compelling Defendant to appear for a deposition on October 26, 27, or 28, 2020, and (2) providing that McIntyre be deposed after Plaintiff's 30(b)(6) deposition.  (*Id.* at 5.)  Plaintiff argues that McIntyre should be deposed only after Plaintiff's 30(b)(6) representative because the 30(b)(6) deposition is likely to narrow the scope of McIntyre's deposition.  (*Id.* at 4.)

## **LEGAL STANDARD**

It was once well settled that "priority in depositions went to the party first serving a notice of examination, absent compelling reasons to the contrary."  *Occidental Chem. Corp. v. OHM Remediation Servs.*, 168 F.R.D. 13, 14 (W.D.N.Y. 1996) (citing *Prodear, S.A. v. Robin Int'l Cinerama Corp.*, 32 F.R.D. 434, 434 (S.D.N.Y. 1963); and *Comercio E Industria Cont'l, S.A. v. Dresser Indus., Inc.*, 19 F.R.D. 265, 266 (S.D.N.Y. 1956)).  That rule, however, was abolished in 1970 with the promulgation of Federal Rule of Civil Procedure 26(d).  *Id.* (citing *Monacello v.*

*City of Philadelphia*, 1988 WL 28242 at *1 (E.D. Pa. 1988); *United States v. Bartesch*, 110 F.R.D. 128, 129 (N.D. Ill. 1986)).

Under Federal Rule of Civil Procedure 26(d), "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). The advisory committee notes to the 1970 amendment provide that "[t]he principal effects of [Rule 26(d)] are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case." *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, No. 02-CV-1230, 2005 WL 742617, at *3 (S.D.N.Y. Mar. 18, 2005) (alterations in original) (quoting Fed. R. Civ. P. 26(d) Advisory Committee Notes (1970)). Accordingly, "[t]here is no rule of discovery priority," *Exovir, Inc. v. Dr. Mandel*, No. 94-CV-3546, 1996 WL 101269, at *1 (S.D.N.Y. Mar. 7, 1996), and the "order regarding the sequence of discovery is at the discretion of the trial judge," *Occidental Chem. Corp.*, 168 F.R.D. at 14 (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992)); *see also EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("A district court has broad latitude to . . . manage the discovery process." (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008))).

Federal Rule of Civil Procedure 30(b)(6) provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Fed. R. Civ. P. 30(b)(6).  "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject."  *Reilly v. NatWest Markets Grp., Inc.*, 181 F.3d 253, 268 (2d Cir. 1999).

Separate from 30(b)(6) depositions, "[c]ourts have recognized an additional layer of protection for senior corporate executives subject to depositions."  *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) (alteration in original) (quoting *Alex & Ani, Inc. v. MOA Int'l. Corp.*, 10 Civ. 4590(KMW), 2011 WL 6413612, at *3 (S.D.N.Y. Dec. 21, 2011)).  "The principle behind this protective measure is Rule 26(b)(2), which limits discovery that is unreasonably cumulative or is obtainable from a 'more convenient, less burdensome, or less expensive' source."  *Id.* (quoting Fed. R. Civ. P. 26(b)(2)) (collecting cases).  Accordingly, courts typically require that a 30(b)(6) deposition be conducted before that of a CEO or other corporate officer.  *See, e.g.*, *Skytruck Co., LLC v. Sikorsky Aircraft Corp.*, No. 2:09-cv-267-FtM-99SPC, 2011 WL 13141023, at *2 (M.D. Fla. May 11, 2011) (ordering that 30(b)(6) depositions "be taken first prior to taking the deposition of CEO Pino and/or CFO Caswell's deposition" (citing *Folwell v. Hernandez*, 210 F.R.D. 169, 174 (M.D.N.C. 2002); and *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 332 (M.D. Ala. 1991))).

## DISCUSSION

The depositions at issue shall be conducted in the following order: (1) Plaintiff's 30(b)(6) representative; (2) McIntyre; and (3) Shah.

First, Plaintiff's 30(b)(6) representative shall be deposed before McIntyre given the "additional layer of protection for senior corporate executives subject to depositions," *Scott*, 306 F.R.D. at 122, and the likelihood that the 30(b)(6) deposition will narrow the scope of McIntyre's deposition.  Defendant cites no caselaw—and the Court has found none—in support of his insistence that McIntyre should be deposed before Plaintiff's 30(b)(6) representative simply

4

because McIntyre's deposition was noticed first. *See Nimkoff v. Dollhausen*, No. 08-cv-2856, slip op. at 2 (E.D.N.Y. July 9, 2009) (rejecting arguments that depositions must be conducted in the order in which are noticed). With respect to the sequence of depositions of 30(b)(6) witnesses and corporate officers or directors, caselaw makes clear that the 30(b)(6) deposition should be conducted first. *See Skytruck Co., LLC*, 2011 WL 13141023, at *2; *Gauthier v. Union Pac. R.R. Co.*, No. 07-cv-012, 2008 WL 2467016, at *4 (E.D. Tex. June 18, 2008) (quashing depositions of corporate executives and directing plaintiff to "first attempt to obtain the sought information through the less burdensome means of discovery described herein, including the Rule 30(b)(6) corporate deposition"); *WebSideStory, Inc. v. NetRatings, Inc.*, No. 06-cv-408, 2007 WL 1120567, at *5 (S.D. Cal. Apr. 6, 2007) (ordering defendant to "first proceed with the corporate deposition of [plaintiff's] 30(b)(6) witness before taking [former CEO and current director's] deposition"); *Folwell*, 210 F.R.D. at 173 (requiring plaintiffs to first take the 30(b)(6) corporate deposition before deposing a corporate officer); *see also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (affirming district court's requirement that plaintiff first "depose the other employees that [the company] indicated had more knowledge of the facts before deposing [the company president]").

Second, McIntyre shall be deposed before Shah simply because McIntyre's deposition was noticed first. District courts "faced with the question of priority have, in the main, concluded that the first party to serve a notice of deposition is entitled to priority of questioning at that deposition." *Schlein v. Wyeth Pharm., Inc.*, No. CV 105–014, 2012 WL 10359554, at *2 (S.D. Ga. Dec. 13, 2012) (collecting cases). While it is not mandated by law, some courts select this order of priority "as a matter of fairness." *Occidental Chem. Corp.*, 168 F.R.D. at 15; *see also Pierson v. Wyeth*, No. 5-cv-527, slip op. at 8 (D. Minn. Nov. 30, 2012) (footnote omitted) ("[G]iven the customary practice in this District, combined with a general sense of fairness to each side, . . . the party who

first serves a valid notice of deposition shall have priority of questioning in that deposition . . . ."). *But see* Transcript of Status Conference & Motion Hearing at 4, 6, *Urquiza v. Wyeth*, No. 1:04-cv-12247-DPW (D. Mass. Oct. 12, 2012), ECF No. 50 (characterizing a motion regarding priority of depositions as "silly" and dismissing "unfairness" arguments as "sandbox stuff"). Others do so in accordance with the general notion of "first come first serve[d]." Transcript of Status Conference & Motion Hearing at 8–10, *Urquiza*, No. 1:04-cv-12247-DPW ("The short of it is, if you want my ruling on it, my ruling on it is whoever noticed it first gets to do it."). The parties present no compelling reason to depart from the age-old principle of first come, first served. Frankly, "the principle seems to me to be more or less self-executing and not to require the attention of the Court in resolving it." *Id.* at 10. Accordingly, McIntyre shall be deposed before Shah.

## CONCLUSION

Based on the foregoing, the parties' request for a conference pursuant to Local Rule 37.2 is DENIED. Plaintiff's request for a protective order is GRANTED insofar as Plaintiff's 30(b)(6) representative shall be deposed before McIntyre. Depositions will be conducted in the following order: (1) Plaintiff's 30(b)(6) representative; (2) McIntyre; and (3) Shah. Depositions are to be completed by November 16, 2020. (*See* Civil Case Management Plan & Scheduling Order [ECF No. 22].) No extensions will be granted absent good cause.

**SO ORDERED.**

Date: October 27, 2020　　　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　　New York, NY　　　　　　　　　　　　　　　　**United States District Judge**