

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/13/2021
```

**STEPHEN L. SHEINFELD**
Partner
(212) 294-6700
ssheinfe@winston.com

February 11, 2021

**VIA ECF**

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

> The Court GRANTS Plaintiff's consent motion to seal. The unredacted versions of the Joint Pretrial Order and Exhibit 1 shall be kept under seal under further Order of the Court. SO ORDERED.
>
> Date: 4/13/2021
> New York, New York
>
> *Mary Kay Vyskocil*
> Mary Kay Vyskocil
> United States District Judge

Re:   *Guidehouse LLP v. Shah*, No. 1:19-cv-9470-MKV

Dear Judge Vyskocil:

We represent Plaintiff, Guidehouse LLP ("Guidehouse"), in the above-referenced action and write with the consent of Defendant, Rizwan Shah ("Shah"), to request that the Court order limited portions of the publicly-filed Proposed Joint Pretrial Order (the "Order") and Exhibit 1 thereto (the "Stipulations") be redacted, and unredacted versions of the Order and Stipulations be maintained under seal to preserve certain confidential or private information. This Court has previously granted Guidehouse's motion to redact this same information from its Rule 56.1 Statement and ordered the unredacted version of the Rule 56.1 Statement remain under seal. ECF No. 32.

While judicial documents are generally subject to a presumption in favor of public access, this presumption may be outweighed by certain "countervailing factors" including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Here, both Guidehouse and Shah have privacy interests which are sufficient to warrant the redaction of their public filings.

The information which Guidehouse seeks to redact contains either (1) confidential information regarding the design of Guidehouse's partner compensation model (Stipulations ¶¶ 37, 39) or (2) Shah's remuneration while employed at Guidehouse, including the specific amount of his salary, bonuses and other payments, as well as the monetary value of Shah's equity holdings (Order at 7; Stipulations ¶¶ 13, 14, 22, 23, 41, 47, 48, 60). Both categories of information are of competitive value to Guidehouse and risk harming Guidehouse's business interests should such information become publicly available.

Courts in this District have held that the privacy interest in competitively valuable business information is sufficient to overcome the presumption in favor of public access. *E.g.*, *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 4, 2020) (granting motion to seal "information related to the compensation or bonuses received by individual [] employees" because "disclosure of such compensation and bonus information could damage [movant's] business and embarrass or harm [the employee] while offering little value in the monitoring of the federal courts"); *Bae Sys. Ship Repair v. Puglia Eng'g, Inc.*, 2017 WL 11568796, at *3 (S.D.N.Y. May 2, 2017) (granting motion to "redact information concerning [movant's] compensation structure and the compensation of certain individuals"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 157 (S.D.N.Y. 2015) (granting motion to redact "sensitive personal information of current and former employees . . . including . . . compensation").



In addition, Shah has a privacy interest in maintaining the confidentiality of his personal finances, which also weighs in favor of redaction. *See Valassis Commc'ns*, 2020 WL 2190708, at *4 (holding that "the presumption of public access is outweighed by [movant]'s business secrecy interest as well as by the personal privacy interests of the relevant employees in the [amount of] compensation and bonuses received").

In view of the legitimate privacy interests at stake, coupled with the narrow tailoring of Guidehouse's proposed redactions to protect these interests without unduly infringing on the public's right of access, Guidehouse respectfully requests that this Court enter an order permitting Guidehouse to redact certain portions of the publicly-filed Order and Stipulations, and to file unredacted versions of these documents under seal.

Respectfully submitted,

*/s/ Stephen L. Sheinfeld*

Stephen L. Sheinfeld