

North America Europe Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**STEPHEN L. SHEINFELD**
Partner
(212) 294-6700
ssheinfe@winston.com

May 24, 2021

**VIA ECF**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/14/2021

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re: *Guidehouse LLP v. Shah*, No. 1:19-cv-9470-MKV

Dear Judge Vyskocil:

We represent Plaintiff, Guidehouse LLP ("Guidehouse"), in the above-referenced action and write with the consent of Defendant, Rizwan Shah ("Shah"), to request that the Court order the publicly-filed copies of Exhibits A, B and C to the Declaration of Stephen L. Sheinfeld in Support of Plaintiff's Motions *in Limine* (the "Exhibits") be redacted, and unredacted versions of the Exhibits be maintained under seal to preserve certain confidential or private information therein. Per the Court's instruction during the parties' April 13 Pretrial Conference, each of the Exhibits would be maintained under seal unless and until such exhibit is admitted into evidence at trial, at which point it would become part of the public record. This Court has previously granted the parties' motions to redact and seal similar information and documents in Guidehouse's Rule 56.1 Statement and the Joint Pretrial Order. ECF Nos. 32, 50.

While judicial documents are generally subject to a presumption in favor of public access, this presumption may be outweighed by certain "countervailing factors" including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Here, Guidehouse, Shah, and non-party PricewaterhouseCoopers LLP ("PwC") have privacy interests which are sufficient to warrant the redaction of these public filings.

Exhibit A— Shah's Employment Agreement with Guidehouse—is a private agreement between the parties containing confidential information regarding the terms and conditions of Shah's employment. Exhibit B—the Operating Agreement for Guidehouse's holding company—is also a private agreement between the parties containing confidential and proprietary information regarding the structure of Guidehouse's business and the terms and conditions governing Shah's equity interests therein. Exhibit C—Shah's Special Retention Bonus agreement—is a private agreement between Shah and his former firm, PwC, containing confidential information regarding the terms and conditions of his withdrawal from the PwC partnership. All of the information contained in the Exhibits are of competitive value to Guidehouse (and, in the case of Exhibit C, to PwC) and risks harming Guidehouse's (and PwC's) business interests should such information become publicly available.

Courts in this District have held that the privacy interest in competitively valuable business information is sufficient to overcome the presumption in favor of public access. *E.g.*, *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 4, 2020) (granting motion to seal "information related to the compensation or bonuses received by individual [] employees" because "disclosure of such





compensation and bonus information could damage [movant's] business and embarrass or harm [the employee] while offering little value in the monitoring of the federal courts"); *Bae Sys. Ship Repair v. Puglia Eng'g, Inc.*, 2017 WL 11568796, at *3 (S.D.N.Y. May 2, 2017) (granting motion to "redact information concerning [movant's] compensation structure and the compensation of certain individuals"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 157 (S.D.N.Y. 2015) (granting motion to redact "sensitive personal information of current and former employees . . . including . . . compensation").

In addition, Shah has a privacy interest in maintaining the confidentiality of his personal finances, which also weighs in favor of redaction. *See Valassis Commc'ns*, 2020 WL 2190708, at *4 (holding that "the presumption of public access is outweighed by [movant]'s business secrecy interest as well as by the personal privacy interests of the relevant employees in the [amount of] compensation and bonuses received").

In view of the legitimate privacy interests at stake, Guidehouse respectfully requests that the Court enter an order permitting Guidehouse to redact certain portions of the publicly-filed Exhibits, at this juncture, and to file unredacted versions of the Exhibits under seal.

Respectfully submitted,

*/s/ Stephen L. Sheinfeld*

Stephen L. Sheinfeld

The Court GRANTS Plaintiff's request that the publicly filed copies of Exhibits A, B, and C to the Declaration of Stephen L. Sheinfeld in Support of Plaintiff's Motions *in Limine* be redacted, and unredacted versions of the Exhibits be maintained under seal [ECF Nos. 61-63]. The parties are on notice that any evidence admitted at trial is a matter of public record and shall not be sealed.

The Clerk of Court is respectfully requested to terminate the motion at docket entry 61.

SO ORDERED.

Date: 6/14/2021
New York, New York

Mary Kay Vyskocil
United States District Judge