USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUIDEHOUSE LLP,

          Plaintiff,

-against-

RIZWAN SHAH,

          Defendant.

1:19-cv-09470-MKV

ORDER ON MOTIONS IN LIMINE

MARY KAY VYSKOCIL, United States District Judge:

    This Order memorializes rulings on the parties' motions *in limine* made on the record at the conference on June 22, 2021. Plaintiff Guidehouse, LLP moves to preclude evidence regarding the circumstances of other Guidehouse partners' departures and those partners' severance payments, Guidehouse's response to Defendant Rizwan Shah's claims of discrimination, and the value of Shah's Membership Interests and the PwC Special Retention Award. [ECF Nos. 58–59, 62–63.] Shah moves to preclude evidence regarding facts about his personal life and finances. [ECF No. 60.] Both parties filed oppositions. [ECF Nos. 68, 70–73.]

    Motions *in limine* enable the trial court to rule in advance of trial on the admissibility of forecasted evidence. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Allen v. City of New York*, 466 F. Supp. 2d 545, 547 (S.D.N.Y. 2006).

    Guidehouse's motion to preclude evidence regarding the circumstances of other partners' departures and the severance payments they received is GRANTED. Such evidence has no bearing on Shah's rights under the Employment Agreement or whether Shah terminated his employment for Good Reason and therefore is not relevant to the claims to be tried. *See* Fed. R. Evid. 401, 402;

*Argush v. LPL Fin., LLC*, 759 F. App'x 121, 126 (3d Cir. 2018); *see also Sanders v. City of New York*, No. 98 CIV. 3374(VM), 2001 WL 1568422, at *2 (S.D.N.Y. Dec. 5, 2001).

Guidehouse's motion to preclude evidence regarding Guidehouse's response to Shah's claims of discrimination is DENIED. Such evidence is relevant to whether Guidehouse corrected the events that triggered Shah to submit the notice of Good Reason as well as the timing of the cure period. (Sheinfeld Decl. Ex. A § 3(e) [ECF No. 62-1].) *See TV Tokyo Corp. v. 4Kids Entm't, Inc.* (*In re 4Kids Entm't, Inc.*), 463 B.R. 610, 682–83 (Bankr. S.D.N.Y. 2011); *see also Fitzpatrick v. Am. Int'l Grp., Inc.*, No. 10 Civ. 142(MHD), 2013 WL 709048, at *22 (S.D.N.Y. Feb. 26, 2013).

The Court reserves decision on Guidehouse's motion to preclude evidence regarding potential damages, specifically the value of Shah's Membership Interests and the PwC Special Retention Award, pending supplemental briefing from the parties on the availability of consequential damages.

Shah's motion to preclude evidence regarding certain facts about his personal life and finances is GRANTED. Such evidence is not relevant to whether Shah terminated his employment for Good Reason. *See* Fed. R. Evid. 401, 402; *United States ex rel. Feldman v. van Gorp*, No. 03 Civ. 8135(WHP), 2010 WL 2911606, at *5 (S.D.N.Y. July 8, 2010).

Of course, the Court's rulings are "subject to change when the case unfolds," *Luce*, 469 U.S. at 41, and evidence excluded as irrelevant may become relevant should a party open the door to such matters, *see, e.g.*, *Ferreira v. City of Binghamton*, No. 3:13-CV-107, 2016 WL 4991600, at *17 (N.D.N.Y. Sept. 16, 2016).

The Clerk of Court is respectfully requested to close docket entries 58 and 60.

**SO ORDERED.**

Date: June 22, 2021
New York, NY

**MARY KAY VYSKOCIL**
**United States District Judge**