UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
GUIDEHOUSE LLP,

                    Plaintiff,

        -against-

RIZWAN SHAH,

                    Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/28/2022__

1:19-cv-09470-MKV

ORDER ON MOTIONS IN LIMINE

MARY KAY VYSKOCIL, United States District Judge:

On May 24, 2021, Plaintiff Guidehouse LLP moved *in limine* to exclude at trial, *inter alia*, evidence on Defendant Rizwan Shah's claims for damages in the amount of the value of Mr. Shah's unvested Class B Membership Interests in Guidehouse's holding company and the amount of his Special Retention Award payable by PricewaterhouseCoopers LLP ("PwC"). (Plaintiff's Memorandum of Law In Support Of Its Motions *In Limine* [ECF No. 59] at 10). In his opposition, Mr. Shah argued that he could seek those amounts as "consequential damages." (Defendant Opposition to Plaintiff's Motions *In Limine* ("Def. Opp'n") [ECF No. 72] at 13). At the pretrial conference held on June 22, 2021 (and as memorialized in its subsequent order), the Court reserved its ruling on Guidehouse's motion to preclude this evidence pending supplemental briefing from the parties on the availability of consequential damages in this matter. (Order on Motions *In Limine* [ECF No. 80]).

Subsequently, each party submitted a supplemental brief addressing this portion of Guidehouse's motions *in limine*. [ECF Nos. 82, 83]. Guidehouse also filed the Declaration of Jeffrey S. Wilkerson, counsel for Plaintiff, in support of its supplemental briefing, [ECF Nos. 85, 86], and has moved to seal this declaration, claiming that it contains sensitive and competitively

valuable business information, [ECF No. 84]. The motion to seal is unopposed and is granted. For the following reasons, the motion *in limine* is granted.

## BACKGROUND

On August 15, 2019, Mr. Shah sent Guidehouse a letter, terminating his employment effective the next day. (Complaint [ECF No. 1] ("Compl.") ¶ 37; Answer [ECF No. 6], at 19). Mr. Shah purported to resign from Guidehouse's employ for "Good Reason" under section 3(e) of his Employment Agreement. (Compl. ¶ 37; Answer at 19). Under the terms of his Employment Agreement, if Mr. Shah terminated his employment for "Good Reason," he would be entitled to "receive the payments and benefits" described in Sections 3(c)(i) through (iv) of his Employment Agreement, which include accrued compensation, his severance payment, any remaining bonus amount, and any earned but unpaid annual incentive bonus. (Compl. ¶ 7–9); Answer at 12–13). Mr. Shah claims that he had "Good Reason" to terminate his employment under section 3(e) because, he alleges, there was a "material reduction of his total cash compensation, and [] a material breach by Guidehouse of the Employment Agreement." (Answer at 21, 24).

Pursuant to his Employment Agreement, Mr. Shah was granted a Class B Membership interest in Guidehouse Management Holdings LLC. (Sheinfeld Declaration submitted in support of Plaintiff's Motions *in Limine* [ECF No. 62] ("Sheinfeld Decl.") Ex. A, § 2(e)). The Amended and Restated Limited Liability Company Operating Agreement of Guidehouse Management Holdings LLC (the "LLC Agreement") provides that, as to Mr. Shah's vested Class B Membership Interests, Guidehouse had "the right, but not the obligation, to purchase" those interests 180 days following Mr. Shah's termination "for any reason[;]" and (2) upon termination of Mr. Shah's employment with Guidehouse "for any reason," his unvested Class B Membership Interests are "forfeited and cancelled for no consideration." (Sheinfeld Decl. Ex. B, § 8.2).

Mr. Shah also entered into a February 11, 2018 letter agreement with PwC, his previous employer, and PricewaterhouseCoopers Holdings LLC (the "PwC Letter Agreement"). (Sheinfeld Decl. Ex. C). Pursuant to that agreement, Mr. Shah was offered a special retention bonus (the "Retention Bonus"), payable on March 1, 2026, provided that Mr. Shah remain employed at Guidehouse until that time. (Sheinfeld Decl. Ex. C § 1(b)). By the express terms of the PwC Letter Agreement, the Retention Award was not payable if Mr. Shah's employment with Guidehouse terminated "for any reason" other than termination by Guidehouse "without Cause or on account of [Mr. Shah's] death or disability." (Sheinfeld Decl. Ex. C § 1(e)).

Mr. Shah seeks recovery of an amount representing the value of the unvested Class B Membership interests and his Retention Award as consequential damages for what he contends was a breach by Guidehouse. Mr. Shah asserts that had Guidhouse "not caused a material reduction in Mr. Shah's total cash compensation opportunity, Mr. Shah would not have left Guidehouse and, as a result, his unvested Class B Membership Interests would not have been forfeited [and] . . . Mr. Shah would have been employed with Guidehouse through March 2026 and, thus, would have received the Retention Award." (Def. Opp'n at 12).

## DISCUSSION

The evidence of Mr. Shah's damages in the amount of the value of his unvested Class B Membership Interests in Guidehouse's holding company and his entitlement to the Retention Award are excluded. The proof of these damages is speculative and the damages themselves are not sufficiently pleaded. Moreover, Mr. Shah has failed to provide expert testimony establishing the value of his Class B Membership interests.

### I. Defendant Did Not Adequately Plead Consequential Damages Under Rule 9(g)

Mr. Shah is not entitled to claim as consequential damages any loss due to the forfeiture of his unvested Class B Membership Interests and the Retention Award because these consequential damages were not sufficiently pleaded in the counterclaim. "Consequential damages . . . as a form of special damages, [] are subject to Federal Rule 9(g) which requires that they be specifically stated." *EMR (USA Holdings) Inc. v. Goldberg*, No. 18 CIV. 7849 (ER), 2020 WL 4038358, at *9 (S.D.N.Y. July 17, 2020). This Court requires a plaintiff seeking consequential damages to allege facts from which it can be inferred that the damages were within the contemplation of the parties at the time of contracting. *See Nat'l R.R. Passenger Corp. v. Arch Specialty Ins. Co.*, 124 F. Supp. 3d 264, 281 (S.D.N.Y. 2015); *see also St.-Works Dev. LLC v. Richman*, No. 13 CV 774 VB, 2015 WL 872457, at *7 (S.D.N.Y. Feb. 3, 2015) ("A general monetary allegation stated in round numbers is generally not considered to reflect the specific damages required of special damages."); *Mancuso v. Douglas Elliman LLC*, 808 F. Supp. 2d 606, 632 (S.D.N.Y. 2011) (claims for lost profits in tort action stricken because lost profits would be special damages and no detail was pled that would allow court to determine damages with any certainty).

Mr. Shah has not sufficiently stated his claim for consequential damages. Mr. Shah's counterclaims do not reference the Retention Award at all. (*See generally* Answer). His counterclaims do refer to his Class B Membership Interests in relation to his assertion that he resigned for Good Reason, (*see* Answer at 20, 23), but they do not state that Mr. Shah seeks the value of those interests as damages.

## II. Mr. Shah's Proof Of Consequential Damages Is Speculative

As a general matter, a plaintiff can recover consequential damages if it prevails for a claim of breach of contract. *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 618 F. Supp. 2d 280, 292 (S.D.N.Y. 2009). Consequential damages include "additional losses (other than the value of the promised performance) that are incurred as a result of [a] defendant's breach." *Schonfeld v. Hilliard*, 218 F.3d 164, 176 (2d Cir. 2000). However, "consequential damages 'must be proven by the party seeking them.'" *Scottsdale Ins. Co. v. McGrath*, No. 19-CV-07477 (LJL), 2021 WL 3077578, at *9 (S.D.N.Y. July 19, 2021) (quoting *E. Coast Res., LLC v. Town of Hempstead*, 707 F. Supp. 2d 401, 411 (E.D.N.Y. 2010)). "The proof cannot be 'speculative or conjectural.'" *Id.* (quoting *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 193, 886 N.E.2d 127 (N.Y. 2008)).

Any evidence of the loss Mr. Shah suffered by reason of his forfeiting his unvested Class B Membership Interests and his Retention Award would be impermissibly speculative. The extent to which Mr. Shah's unvested Class B Membership Interests would have vested had he not resigned on August 16, 2019 is wholly speculative. Fifty percent of Mr. Shah's Class B Membership Interests were "Time-Based" Membership Interests, vesting in equal portions annually over five years, subject to Mr. Shah's "continued employment." (Sheinfeld Decl. Ex. B §§ 4.3(a)–(b)). The other half was "Performance-Based" Membership Interests, vesting "upon certain events and subject to [Mr. Shah's] continued employment." (Sheinfeld Decl. Ex. B § 4.3(a)). The Employment Agreement makes clear that any unvested Class B Membership Interests were forfeited if Mr. Shah's employment terminated for "any reason." (Sheinfeld Decl. Ex. B §§ 4.3(b)–(c)).[1] Any evidence of such losses would call upon the jury to speculate as to

---

[1] Mr. Shah's Time-Based Class B Membership Interests vested at a rate of 20% a year for 5 years from Mr. Shah's employment date. (Sheinfeld Decl. Ex. B § 4.3(b)). Only twenty percent of Mr. Shah's Time-Based Class B

how long Mr. Shah might have stayed employed at Guidehouse and whether the "Performance-Based" Membership Interests would have vested at all based on future events.

Any evidence of Mr. Shah's damages resulting from the loss of his Retention Award would also necessarily call upon a jury or trier of fact to speculate. The Retention Award was only payable if Mr. Shah were still employed by Guidehouse in March 2026, seven years after Mr. Shah left. (Sheinfeld Decl. Ex. C). As such, whether Mr. Shah would have received his Retention Award at all is entirely speculative. *See Pasternak v. Dow Kim*, 961 F. Supp. 2d 593, 597 (S.D.N.Y. 2013) (precluding testimony of a plaintiff's lost income that consisted of future bonuses where it was speculative that the plaintiff would continue to work at the firm long enough to earn those bonuses); *Pryce v. Town Sports Int'l, LLC*, No. 18 CIV. 5863 (KPF), 2021 WL 1226926, at *6 n.16 (S.D.N.Y. Mar. 31, 2021) (finding a claim for a missed bonus in a tort action to be unduly speculative).

### III. Mr. Shah Has Not Offered Evidence To Prove The Value Of The Class B Membership Interests

Mr. Shah has also failed to provide necessary expert testimony to establish the value of his Class B Membership Interests. Mr. Shah's Class B Membership interests are not publicly listed and do not have an easily identifiable value. The value of these interests cannot be determined without "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). As such, expert testimony would be required to establish the value of Mr. Shah's Class B Membership Interests.

Mr. Shah, in his original opposition to Guidehouse's motions *in limine*, merely claimed that he does not need expert testimony to establish the value of these interests because he is only

---

Membership Interests had vested by the time he terminated his employment. (Compl. ¶ 37; Sheinfeld Decl. Ex. B § 1.2 ("Closing Date")).

seeking a "a judicial declaration that his termination of his employment under Section 3(e) of the Employment Agreement was for Good Reason." (Def. Opp'n at 13 (quoting Answer at 25)). This argument is unpersuasive. First, under New York Law, "certainty of amount . . . is an element of consequential damages." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 111 (2d Cir. 2007). As such, Mr. Shah cannot recover purported consequential damages if he cannot establish their value. Second, even if the Court entered a judicial declaration that Mr. Shah terminated his employment for "Good Reason" under the Employment Agreement, he would not be entitled to the value of his forfeited Class B Membership interests as consequential damages. Such a judicial declaration would only allow Mr. Shah to recover contractual payments owed to him under Section 3(c)(i) through (iv) of his Employment Agreement. (Compl. ¶ 7–9); Answer at 12–13). Those payments do not include the value of any unvested Class B Membership interests. (*See* Sheinfeld Decl. Ex. B, § 8.2).

## CONCLUSION

Guidehouse's motion [ECF No. 59] to exclude evidence on Defendant Rizwan Shah's claims for consequential damages representing the value of Mr. Shah's unvested Class B Membership Interests in Guidehouse's Holding Company and the amount of the Retention Award payable in the future by PricewaterhouseCoopers LLP is GRANTED.[2] Of course, the Court's rulings are "subject to change when the case unfolds," *Luce v. United States*, 469 U.S. 38, 41 (1984), and evidence excluded as irrelevant may become relevant should a party open the

---

[2] Mr. Shah's brief in opposition to Guidehouse's motions *in limine* is unclear about whether Mr. Shah continues to pursue a claim for the vested portion of his Class B Membership Interests. However, the parties' Stipulated Statements of Fact and Law states that Mr. Shah "owns the [] portion of his Class B Membership Interests . . . that vested before he terminated his employment with Guidehouse." (Joint Pretrial Order [ECF No. 52] Stipulated Statements of Fact and Law ¶ 60). As such, to the doxtent Mr. Shah also seeks to admit evidence of the value of the vested Class B Membership Interests to demonstrate a loss that clearly did not occur, that evidence is excluded.

door to such matters.  *See*, *e.g.*, *United States v. Mason*, No. S17 96 CR. 126 (JFK), 2000 WL 718447, at *1 (S.D.N.Y. June 2, 2000).

Guidehouse's Motion to Seal the declaration of Jeffrey S. Wilkerson, counsel for Plaintiff, [ECF No. 84] is GRANTED.

The parties shall appear for a pretrial conference on April 19, 2022, at 11:00 AM.  The parties should be prepared to discuss their availability for a trial in the second quarter of 2022 and trial logistics as well as any outstanding issues.

The Clerk of Court is respectfully requested to close docket entry 84.

**SO ORDERED.**

Date:  **February 28, 2022**
       **New York, NY**

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**